**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WOODROW FLEMMING,

                Plaintiff,

    v.                                                No. 06-CV-562
                                                        (NAM/DRH)

GLENN GOORD, Commissioner; DONALD
SELSKY, Director of Special Housing;
MICHAEL MAHER, Deputy Acting
Superintendent; CAPTAIN DAUPHIN; LT.
MITCHELL; LOZADA ROSSY; ANDY
MEACHEM, Security Officer; and SGT. H.
FITZPATRICK, Security Sgt.,

                Defendants.

---

**APPEARANCES:**                               **OF COUNSEL:**

WOODROW FLEMMING
No. 03-A-5259
Plaintiff Pro Se
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO              DAVID L. COCHRAN, ESQ.
New York State Attorney General        Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Woodrow Flemming ("Flemming"), an inmate in the custody of the New

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, eight DOCS employees, violated his constitutional rights under the First and Fourteenth Amendments. Compl. (Docket No. 1). Presently pending is defendants' motion to vacate Fleming's in forma pauperis (IFP) status and to dismiss the complaint pursuant to 28 U.S.C. § 1915(g). Docket No. 27. Flemming opposes the motion.[2] Docket Nos. 29, 30. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

In this action, Fleming alleges that defendants lost a court transcript of his when he was moved to a new cell while incarcerated at Mohawk Correctional Facility. Compl. at 6. Fleming filed a grievance concerning the lost transcript but alleges that he was denied due process in the grievance proceedings and that the loss of the transcript adversely affected a criminal appeal. Id. at 5-6, 9.

Fleming commenced this action on May 8, 2006. Compl. His application to proceed IFP was granted on August 9, 2006. Docket No. 5. Flemming has filed approximately thirty

---

[2] On February 9, 2007, Flemming filed what appears to be a motion for summary judgment pursuant to Fed. R. Civ. P. 56. See Docket No. 29 at 1 ("I make this affidavit in support of my affirmation under Rule 56, 56(c), and 56(e) . . . I make this affidavit in relief of my summary judgment."). However, because Flemming's apparent motion for summary judgment proffers no evidence in support of his claims, and instead reiterates the factual allegations made in the complaint, the Court deems this filing to be in opposition to defendants' motion to dismiss. Further, the Court notes that Flemming's papers are nearly illegible and he is instructed that future submissions should be either typewritten or in legible handwriting. This is not the first time that Flemming has been warned about filing illegible papers. See, e.g., Flemming v. City of New York, No. Civ. 03-662 (NCG)(LB), 2006 WL 2853872, at *2 n.3 (E.D.N.Y. Sept. 29, 2006); Flemming v. Wright, No. Civ. 06-86 (GLS)(GJD), 2006 WL 1174314, at *1 n.1 (N.D.N.Y. Apr. 28, 2006).

federal actions in courts in this circuit since 1997.  See U.S. Party/Case Index (last visited July 9, 2007) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>; Cochran Affirm. (Docket No. 27, Ex. 2) at Ex. 1.  Flemming's lawsuits all appear to relate, in one fashion or another, to his incarceration in DOCS facilities at various times since 1997.  The instant complaint contains nine causes of action and various other allegations.  See Compl.  Among the allegations contained in the complaint are (1) inadequate training and supervision of DOCS employees, (2) due process violations, (3) failure to investigate his complaints, (4) cruel and unusual punishment, and (5) failure to follow the proper procedures regarding transfer of an inmate's property.

## II. Discussion

Defendants seek to vacate the IFP order and dismissal of the complaint under 28 U.S.C. § 1915(g), which bars prisoners from proceeding IFP after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim.  See 28 U.S.C. § 1915(g) (2006).[3]  This "three strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury."  Id.

Here, defendants' motion identifies three actions, all brought by Flemming in the Northern District of New York, as constituting strikes for the purposes of § 1915(g): Flemming v. New York, No. Civ. 05-406 (DNH), at 2-3 (N.D.N.Y. Oct. 25, 2005) (hereinafter

---

[3] The three strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA") which had as its principal purpose deterring frivolous prisoner litigation. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

3

Flemming I); Flemming v. New York, No. 06-CV-55 (DNH), at 2-3 (N.D.N.Y. Apr. 13, 2006) (hereinafter Flemming II); and Flemming v. Wright, No. 06-CV-86 (GLS)(GJD), at 2-3 (N.D.N.Y. Apr. 28, 2006) (hereinafter Fleming III).[4]  All three of these cases were dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.  See Flemming I at 2-3 ("No facts are alleged in the amended Complaint which would support any basis for awarding [Flemming] either equitable or monetary relief."); Flemming II at 2 ("From the portions of the amended Complaint that this Court has been able to decipher, it does not appear that sufficient facts have been alleged to state claims against the defendants named therein."); Flemming III at 2-3 (same).  Moreover, in two of these cases the Court certified that any appeal would not be taken in good faith pursuant to § 1915(a)(3).  See Flemming II at 3; Flemming III at 3.

Thus, Flemming clearly has had three cases previously dismissed for failing to state a claim.  Moreover, a review of Flemming's complaint here shows that he was not facing imminent danger at the time he filed his complaint.  Nor is dismissal here precluded by the fact that Flemming has already been granted IFP status in this action.  Docket Nos. 3, 5. When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g).  See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

Therefore, it is recommended that the order granting IFP status to Flemming be vacated and that Flemming's complaint be dismissed unless he pays the filing fee of $250.00 within thirty (30) days of the entry of a final order by the district court.

---

[4] Also available online at Flemming v. Wright, No. 06-CV-86 (GLS)(GJD), 2006 WL 1174314 (N.D.N.Y. Apr. 28, 2006).

4

### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion (Docket No. 27) be **GRANTED** and that:

1. The order granting Flemming's IFP status (Docket No. 5) be **VACATED**;

2. The complaint be **DISMISSED** as to all defendants and all claims <u>unless</u> Flemming pays the filing fee of $250.00 within thirty (30) days of the entry of a final order by the district court; and

3. Flemming be **BARRED** from filing any IFP complaints in this district unless he is under imminent danger of serious physical injury.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 24, 2007
       Albany, New York

_David R. Homer_
United States Magistrate Judge