**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

WOODROW FLEMMING,

                            Plaintiff,

        v.                                    No. 06-CV-562
                                                 (NAM/DRH)

GLEN GOORD, Commissioner; DONALD
SELSKY, Director of Special Housing;
MICHAEL MAHER, Deputy Acting
Superintendent; CAPTAIN DAUPHIN; LT.
MITCHELL; LOZADA ROSSY; ANDY
MEACHEM, Security Officer; and SGT. H.
FITZPATRICK, Security Sgt.

                            Defendants.[1]

_____

**APPEARANCES:**                         **OF COUNSEL:**

WOODROW FLEMMING
Plaintiff Pro Se
03-A-5259
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO           DAVID L. COCHRAN, ESQ.
Attorney General for the             Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

_____

      [1] The State of New York was originally named as a defendant but was dismissed on August 9, 2006.  See Second docket entry for 8/9/06.

**REPORT-RECOMMENDATION AND ORDER**[2]

Plaintiff pro se Woodrow Flemming ("Flemming"), an inmate currently in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, eight DOCS employees, violated his constitutional rights under the First, Fourth, and Fourteenth Amendments.  Compl. (Docket No. 1).  Presently pending is Flemming's motion for summary judgment  pursuant to Fed. R. Civ. P. 56.  Docket Nos. 47, 60, 64.  Defendants oppose the motion.  Docket No. 63.  For the following reasons, it is recommended that Flemming's motion be denied.


**I. Background**

The facts are related herein in the light most favorable to defendants as the non-moving parties.  See subsection II(A) infra.

At all relevant times herein, Flemming was incarcerated at Mohawk Correctional Facility. Docket No. 64 ¶ 1.  Fleming contends that while there, defendants subjected him to an unlawful search of his cell, confiscated or failed properly to protect his personal property and legal mail, damaged a court transcript, and denied him due process by failing properly to investigate and litigate his grievances and confining him in the Special Housing Unit

---

[2]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

("SHU").[3]  Compl. ¶¶ 12, 13, 16-23, 25.[4]

This action followed.  On January 2, 2008, defendants filed an answer to the complaint. Docket No. 46.  Nine days later, by a motion filed January 11, 2008 and further supplemented by papers submitted in April, Flemming moved for summary judgment. Docket Nos. 47, 60.[5]

## II.  Discussion

In his complaint, Flemming alleges that defendants violated his (1) First Amendment rights by retaliating against him, (2) Fourth Amendment rights by conducting an illegal search of his cell, and (3) Fourteenth Amendment rights by destroying and failing adequately to protect his property, failing properly to investigate and conduct hearings pertaining to the grievances he filed,  and unconstitutionally confining him in SHU. Defendants argue that the motion should be dismissed because (1) Flemming did not

_____

[3]SHUs exist in all maximum and certain medium security facilities.  The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ."  N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (2007).  Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required.  Id. at pt. 301.

[4] These claims are derived from a liberal reading of Flemming's complaint and an attempt to decipher his nearly illegible submissions and piecemeal documentary support. It should be noted that "[t]his is not the first time that Flamming has been warned about filing illegible papers."  Docket No. 35 (citing Flemming v. City of New York, No. 03-CV-662 (NCG/LB), 2006 WL 2853872, at *2 n.3 (E.D.N.Y. Sept. 29, 2006); Flemming v. Wright, No. 06-CV-86 (GLS/GJD), 2006 WL 1174314, at *1 n.1 (N.D.N.Y. Apr. 28, 2006))

[5]Flemming's submissions do not comply with the Local Rules as the Statement of Material Facts is devoid of any citations to the record or corresponding documentation. Cochran Affirm. (Docket No. 63-1) ¶¶ 8-10.  Additionally, "[d]efendants have not had time or opportunity to conduct discovery . . . [or] schedule or conduct any depositions."  Id. ¶¶ 11-12.

comply with the local rules,[6] (2) defendants did not have adequate time to conduct discovery, and (3) Flemming is not entitled to summary judgment because his submissions are based on conclusory statements.[7]

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or

---

[6] The Local Rules provide:

> Any motion for summary judgment shall contain a Statement of Material Facts.  The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue . . . Failure of the moving party to submit an accurate and complete State of Material Facts shall result in a denial of the motion.

N.D.N.Y.L.R. 7.1(a)(3) (emphasis in original).  Without deciding the motion on this ground, it is noted that while Flemming included numbered paragraphs in his submissions, they neither contain a statement of the material facts not in dispute nor a citation to a supporting document in the record.  Flemming shall ensure that any further submissions comply with the local rules.

[7] Because it is recommended that the motion be decided on defendants' second ground, the merits of this claim will not be further discussed.

4

speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) ("caution should be exercised in granting summary judgment . . . when the party opposing the motion has been denied relevant discovery.").

In the present case, adequate time for discovery had not been given.  Defendants were only effectively given nine days to conduct all relevant discovery on Fleming's multiple claims.  The ability of defendants' counsel to represent defendants zealously and defend the case adequately hinges on the ability to conduct discovery, including receiving documents and conducting depositions.  As that opportunity was not afforded to defendants by the time their response was due, Flemming's motion was made prematurely.

Accordingly, Flemming's motion should be denied.


### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Flemming's motion for

summary judgment (Docket No.47) be **DENIED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  September 2, 2008
      Albany, New York

United States Magistrate Judge