**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

WOODROW FLEMMING,

                                        Plaintiff,

         v.                                                  No. 06-CV-562
                                                               (NAM/DRH)
GLEN GOORD, Commissioner; DONALD
SELSKY, Director of Special Housing;
MICHAEL MAHER, Deputy Acting
Superintendent; CAPTAIN DAUPHIN; LT.
MITCHELL; LOZADA ROSSY; ANDY
MEACHEM, Security Officer; and SGT. H.
FITZPATRICK, Security Sgt.,

                                        Defendants.[1]

_____

**APPEARANCES:**                          **OF COUNSEL:**

WOODROW FLEMMING
Plaintiff Pro Se
03-A-5259
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO                    DAVID L. COCHRAN, ESQ.
Attorney General for the                Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[2]

     Plaintiff pro se Woodrow Flemming ("Flemming"), an inmate currently in the custody of

_____

     [1] The State of New York was dismissed as a defendant on August 9, 2006.  See
Second Docket Entry for 8/9/06.

     [2]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

the New York State Department of Correctional Services ("DOCS"), brings this action

pursuant to 42 U.S.C. § 1983 alleging that defendants, eight DOCS employees, violated his

constitutional rights under the First, Fourth, and Fourteenth Amendments.  Compl. (Docket

No. 1).  Presently pending are (1) Flemming's motion for summary judgment  pursuant to

Fed. R. Civ. P. 56, Docket Nos. 102, 104, 105, 109, and (2) defendants' cross-motion for

summary judgment.  Docket No. 107.  For the following reasons, it is recommended that

Flemming's motion be denied and defendants' cross-motion be granted.

## I. Background

At all relevant times herein, Flemming was incarcerated at Mohawk Correctional Facility.

Flemming Dep. (Docket No. 107-4) at 9-10.  On June 30, 2004, Flemming's cell was

searched in his absence.  Docket No. 102-2 at 3; Flemming Dep. at 27-28.  On July 2,

2004, Flemming was moved to a different cell.  Docket No. 102-2 at 3; Docket No. 109 at 9;

Flemming Dep. at 27-28.  Upon arrival at his new cell, Flemming discovered that the

transcripts of his criminal sentencing and miscellaneous other legal documents were

missing.  Docket No. 102-2 at 3; Docket No. 109 at 9; Flemming Dep. at 12-13.

Flemming submitted a claim for his lost or stolen property to DOCS, which was denied.

Docket No. 109 at 8.  Flemming also filed grievances, for which determinations were made

by the grievance committees and superintendents without affording Flemming the

opportunity to present evidence at a hearing.  Flemming Dep. at 20-22; Fourth Flemming

Decl. (Docket No. 109) ¶ 17.  Defendants also allegedly failed to investigate the theft of

Fleming's legal documents and negligently placed him in the Special Housing Unit ("SHU").[3] Flemming asserts that proceedings challenging his criminal convictions were materially prejudiced due to the missing transcripts.  Flemming Dep. at 13-14, 24-25, 28-29; see also Fourth Flemming Decl. ¶ 15.  This action followed.[4]

Flemming has recently claimed that legal documents concerning the present litigation were stolen from his cell. Third Flemming Decl. (Docket No. 105) ¶ 4.  Flemming brought an action in the Court of Claims but failed to exhaust his administrative remedies, subjecting that action to dismissal for a lack of jurisdiction.  Docket No. 105 at 8-11.[5]

---

[3]SHUs exist in all maximum and certain medium security facilities.  The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ."  N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (2007).  Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required.  Id. at pt. 301.

[4] These claims are derived from a liberal reading of Flemming's complaint and an attempt to decipher his nearly illegible submissions and piecemeal documentary support. It should be noted that "[t]his is not the first time that Flamming has been warned about filing illegible papers."  Docket No. 35 (citing Flemming v. City of N.Y., No. 03-CV-662 (NCG/LB), 2006 WL 2853872, at *2 n.3 (E.D.N.Y. Sept. 29, 2006); Flemming v. Wright, No. 06-CV-86 (GLS/GJD), 2006 WL 1174314, at *1 n.1 (N.D.N.Y. Apr. 28, 2006)).

[5] Flemming's deposition testimony indicated that he could not pinpoint a single appeal or action that was compromised by the lose of his legal materials, but instead that "everything" suffered because, if he "had had [his] transcript . . . [he] could have liked properly did what [he] had to do" with respect to his state claims, writ of habeas corpus, and related proceedings. Flemming Dep. at 29.  Submissions indicate multiple cases pending in state court.  They include a letter from the Court of Claims dated April 6, 2005 in response to discovery questions submitted on March 17, 2005 which directed Flemming to proceed with claims dealing with the internal operations of DOCS.  Docket No. 102-3 at 26.  A Court of Claims action was apparently initiated in December 2005, although its ultimate resolution is unknown.  Id. at 29-30.  Furthermore, Flemming filed two motions challenging his criminal conviction in New York County.  Id. at 46-48.  The first was denied on May 6, 2004, prior to the alleged theft of Flemming's legal materials.  Docket No. 102-3 at 46.  The second was denied on September 27, 2004.  Id. at 48.  Lastly, Flemming's appeal of his guilty plea was rejected.  Compl. at 12-13.

3

## II.  Discussion

In his complaint, Flemming alleges that defendants violated his (1) First Amendment rights by retaliating against him and denying his access to the courts, (2) Fourth Amendment rights by conducting an illegal search of his cell,[6] and (3) Fourteenth Amendment rights by destroying and failing adequately to protect his property, failing properly to investigate and conduct hearings pertaining to the grievances he filed,  and unconstitutionally confining him in SHU.[7]  Defendants argue that (1) Flemming failed to assert the personal involvement of defendants Goord, Selsky, Maher, Dauphin, and Mitchell; (2) Flemming's constitutional claims are meritless; and (3) Flemming's motion failed to comply with the local rules.[8]

## A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the

---

[6] To the extent that Flemming claims  Fourth Amendment deprivations, such claims are meritless as the Fourth Amendment does not protect against searches of prison cells. Hudson v. Palmer, 468 U.S. 517, 527-28 (1984).

[7] Flemming fails to proffer evidence as to why he was placed in SHU and what deficiencies occurred in the procedural due process provided prior to his confinement. Nowhere in the record does it indicate that Flemming received time in SHU in connection with the alleged theft of his legal documents.  Additionally, Flemming fails to identify any defendants who were involved with the decision to confine him in SHU.  Thus, Flemming has failed to state a claim upon which relief can be granted here.

[8] Given Flemming's pro se status and the voluminous submissions, the pertinent facts relating to the present motions could be ascertained.  Therefore, any failure by Flemming to comply will not be enforced here.

4

absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' " (citations omitted)). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

**B. Personal Involvement**

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).  However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
>
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

**1. Goord, Selsky, and Maher**

Goord was the Commissioner of DOCS.  Selsky was the Director of Special Housing, and Maher was the Deputy Acting Superintendent at Mohawk.  Each of these defendants was named in this action in his supervisory capacity, with Fleming citing reasons such as that each is liable for the misconduct of subordinates.  Flemming Dep. at 6-7.  Additionally,

6

Flemming stated that he was charging all officials, "high and low," for alleged involvement in the constitutional infringements.  Id. at 7-8.  As previously stated, defendants are not deemed personally involved solely based on their positions in a hierarchal chain of command.  Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) ("[T]he doctrine of *respondeat superior* cannot be used to establish liability under Section 1983."). Accordingly, these contentions are insufficient to allege personal involvement.  Moreover, to the extent that Flemming alleges that these defendants "[f]ail[ed] to properly train and supervise employees as the directive and procedures," such allegations are conclusory and insufficient to withstand a motion for summary judgment.

Therefore, defendants' motion as to these three defendants on this ground should be granted.

### 2. Dauphin

Dauphin was "in charge of investigation and he failed to properly investigate the loss of plaintiff property . . . ."  Flemming Dep. at 15.  This allegation suffices to assert that by failing to carry out his assigned duties, Dauphin contributed to the deprivation of a constitutional right alleged by Fleming.  Accordingly, defendants' motion as to Dauphin on this ground should be denied.

### 3. Mitchell

Mitchell "was in charge of security [and] failed to make sure that [Flemming's] property was secured . . ." and properly inventoried.  Flemming Dep. at 15.  Viewing Flemming's

7

testimony in the light most favorable to Fleming, it raises a sufficient question of fact as to whether Mitchell was present during the search of his cell when the property was allegedly stolen and improperly catalogued prior to moving it to Flemming's new cell.  If Mitchell was present during and after the search, he was also directly involved in the events giving rise to Flemming's First and Fourteenth Amendment claims.  Therefore, defendants' motion as to Mitchell on this ground should be denied.

## C. First Amendment

### i. Retaliation

Liberally construing Flemming's complaint, he alleges that his property was either stolen by another inmate, or by defendants, in retaliation for filing grievances and lawsuits against him.  To state an actionable claim for retaliation, a plaintiff must first allege that the plaintiff's conduct was constitutionally protected and that this protected conduct was a substantial factor that caused the adverse action against the plaintiff.  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).  Courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters.  Jackson v. Onondaga County, 549 F. Supp. 2d 204, 214-15 (N.D.N.Y. 2008).  Conclusory allegations alone are insufficient.  Id. at 214 (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) (explaining that "claim[s] supported by specific and detailed factual allegations . . . ought usually be pursued with full discovery.")).

In this case, Flemming has failed to allege facts sufficient to support a retaliation claim.  Flemming's actions in filing grievances and law suits constitute activities protected by the

First Amendment.  However, Flemming proffers no facts, only conclusory allegations, to demonstrate that the filing of his grievances and lawsuits was a substantial factor in any theft of his legal materials.  Moreover, Flemming has failed to show that any defendant was actually involved in the theft of the legal materials, as he also contends that another inmate could be responsible for stealing them.   These conclusory allegations, without more, are insufficient to maintain the present claims.  Id.

   Accordingly, defendants' motion should be granted as to these claims.


### ii. Denial of Access to Courts

   Prisoners have a well-established Constitutional right to have "adequate, effective, and meaningful" access to courts.  Bounds v. Smith, 430 U.S. 817, 821-22 (1977) (citations omitted).  In order to state a claim for denial of access to the courts, a plaintiff must allege "that a defendant caused 'actual injury,' i.e., took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (citing Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)).  More specifically, the injury must have been the result of the deliberate and malicious behavior of a defendant.  Tajeddini v. Gluch, 942 F. Supp. 772, 780 (D.Conn. 1996) (citations omitted).

   In this case, Flemming has failed to show an actual injury that he suffered at the hands of any defendant.  Flemming contends that his litigation pursuits in state court were substantially hindered by the missing transcripts and legal documents, but has failed to identify a specific case or motion which was prejudiced.  Such conclusory allegations, without more, are insufficient to establish actual injury.  See Lewis, 518 U.S. at 351 (offering

9

examples of actual injury); <u>Gonzalez-Cifuentes v. Torres</u>, No. 04-CV-1470 (GLS/DRH), 2007 WL 499620, at *6 (N.D.N.Y. Feb. 13, 2007) (stating that plaintiff "identifies no particular case or claim which was impeded or how any defendant's conduct impeded his litigation of a claim or defense [and h]e has thus failed sufficiently to allege any actual injury from this alleged incident, much less that [the] conduct was deliberate and malicious.") (internal citations and quotation marks omitted).

Moreover, the record here indicates that Flemming has had a long, involved, varied litigation history in both state and federal courts.  Flemming had the assistance of counsel in his criminal case and appeal, filed multiple post-conviction challenges, and has continued to file motions in the present case despite his allegations.  <u>See</u> n.5 <u>supra</u>.  This belies claims of prejudice.  Lastly, Flemming has failed to establish the proper level of culpability. Flemming continually asserts that defendants were negligent in their response and treatment of Flemming.  However, negligence does not rise to the level of deliberate or malicious conduct required to establish liability.  <u>Morales v. New York State Dep't of Corrs.</u>, 842 F.2d 27, 28 (2d Cir. 1988) ("The law is settled that a prisoner cannot base a federal civil rights action brought under 42 U.S.C. § 1983 on claims of a negligent failure of state prison officials to protect him from injury at the hands of another inmate.").

Accordingly, defendants' motion as to this claim should be granted.


### D. Due Process

An inmate possesses a right not to be deprived of property without due process. However, redress is unavailable for the deprivation of property if an adequate state court

10

remedy was available to a plaintiff.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  New

York affords such a remedy through an Article 78 proceeding.  See N.Y.C.P.L.R. §§ 7803,

7804; see also Locurto v. Safir, 264 F.3d 154, 174 (2d Cir. 2001) ("An Article 78 proceeding

permits a petitioner to submit affidavits and other written evidence, and where a material

issue of fact is raised, have a trial of the disputed issue, including constitutional claims.")

(citations omitted); Campo v. New York City Employees' Ret. Sys., 843 F.2d 96, 101 (2d

Cir. 1988) ("Article 78 . . . provides a summary proceeding which can be used to review

administrative decisions.").  New York law also provides that any individual, including an

inmate, who seeks money damages against the State may commence an action for

recovery only in the New York State Court of Claims.  See N.Y. Corr. Law § 24(2).  The

Article 78 procedure remains available to Flemming.  Moreover, because Flemming sues

for damages, he must pursue his claims against New York State in the Court of Claims

pursuant to Corrections Law § 24.  Thus, the proper venue to litigate these claims is in the

state courts. Adequate remedies are available to Flemming under available state law

procedures.[9]

     To the extent that Flemming asserts a constitutional violation based on defendants'

failures to comply with DOCS procedures, such contentions are also misplaced.  Bolden v.

---

     [9] Flemming's most recent complaints of stolen legal materials assert that he
attempted to file a complaint in the Court of Claims.  There is no indication as to what the
outcome of the claim was.  However, that is of no consequence.  If Flemming lost the
action in the Court of Claims, that would not entitle him to seek federal relief as there was
an adequate state court remedy available which Flemming unsuccessfully pursued.
Likewise, there are no federal due process protections which are afforded to such
claimants as the due process is properly provided in state court.  Thus, Flemming's
contentions that he should have received an opportunity to be heard in connection with his
stolen property are incorrect.

Alston, 810 F.2d 353, 358 (2d Cir. 1987) ("State procedural requirements do not establish federal constitutional rights.  At most, any violation of state procedural requirements would create liability under state law . . . . "); Gilbert v. Goord, No. 03-CV-423 (GLS/GJD), 2007 WL 3232273, at *6 (N.D.N.Y. Oct. 31, 2007) ("Generally violations of state laws or procedures do not rise to the level of constitutional violations.").  Additionally, Flemming's contentions that further investigation should have been undertaken for his loss are also without merit because an inmate enjoys no constitutional right to an internal investigation of any particular nature, extent, or duration.  See Carrasquillo v. City of N.Y., 324 F.Supp.2d 428, 438 (S.D.N.Y.2004) (holding that prisoners have "no constitutional or federal right to an investigation into . . . [an] accident, or to have his requests for an investigation answered").

Accordingly, defendants' motion as to these claims should be granted.


### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that:

1. Flemming's motion for summary judgment (Docket No.102) be **DENIED** in all respects; and

2. Defendants' cross-motion for summary judgment (Docket No. 107) be **GRANTED** in all respects and judgment be entered for all defendants on all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

REVIEW.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  November 16, 2009
         Albany, New York

United States Magistrate Judge